# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

### EPITOMIZED OPINIONS
#### Published only in the Abstract

No. 1024

WEISFLOCK et v. SIGLING et

Ohio Appeals, 1st Dist., Clinton Co.

No. 68.    Decided July 6, 1926

843. NEXT OF KIN—Next of kin, within 6th clause of 8574 GC., of deceased, who died leaving no issue or surviving wife and whose parents, grand parents and great-grand parents are dead, is the descendant of said decedent's grand parents or great-grand parents, as far back as it may be necessary to go.

HAMILTON, J.

This case was originally instituted in the Clinton Common Pleas and was an action to partition non-ancestral real estate. It seems that John L. Seitz died intestate on March 1, 1925, seized of the real estate in question. He left no children or surviving wife and his parents, grand parents and great-grand parents were deceased.

Michael Sigling was a first cousin of the deceased, being a grandson of the deceased grand parent, and claimed all the property as the only living next of kin. John Weisflock et al. claim as legal representatives of a deceased great aunt. It was contended that the great aunt was the same degree of kinship as Sigling, and that under the statute, they should share in the estate.

The case being taken to the Court of Appeals, that court held:

1. "The next of kin, within the 6th clause of 8574 GC. of one who died leaving no issue, and whose father and mother are both dead, and left no issue surviving them, are the descendants of her grandparents, or her great-grand parents, or her great-great-grand parents, as far back as it may be necessary to go." 26 OSC. Rep. (n. s.) 460.

2. Applying this rule to the instant case, the decedant's grandfather, who was only two degrees removed in kinship, left a living legal representative in Michael Sigling, his grandson, a first cousin of the deceased.

3. If the question were considered from the standpoint of Weisflock et al, that the legal representatives took under the statute regardless of whether or not their ancestor was liv-

ing or dead, the view would eliminate the great aunt, as Sigling would take as legal representative of the grandfather, which would be nearer of kin than the claimants, as legal representatives of the great aunt.

Judgment of Common Pleas affirmed.

(Buchwalter, P. J., & Cushing, J., concur.)

Attorneys—Cyrus Newby, Hillsboro, for Weisflock et; Edward M. Wiggins, Lynchburg, and Smith, Rogers and Smith, Wilmington, for Sigling et.